On Motion to Dismiss.
The opinion of the Court ivas delivered by
Fenner, J.
The deceased, E. Y. Charinhury, left a will, containing numerous legacies, and naming “ the Mayor and Council of Dorset, England, together with the ministers of the Established Church of both Long-fleet and Poole, forming a committee, to manage this charity in trust,” as residuary legatees for certain charitable purposes therein designate,d, and appointing certain persons as testamentary executors.
The succession was opened, the executors qualified and entered upon their trust.
Subsequently, the sisters of deceased filed their petition, alleging that they were the solo legal heirs of deceased, that the residuary legacy was null and void, and had also lapsed liy the express renunciation and refusal of the residuary legatees to accept the same; alleging that all the particular legatees, except one, had consented to their being put into possession; expressing their willingness to accept the succession, purely and simply, and to comply with all the obligations imposed on them by law; and praying that the executors he cited, and for judgment recognizing and putting them in possession as heirs, and ordering the executors to render an account of their administration to them within reasonable delay, etc. To this petition, the executors filed answer, pleading the general denial and sundry special defenses. After trial, judgment was rendered in favor of the petitioners, substantially in accordance with the prayer of their petition, from which the executors took their appeal.
The present motion to dismiss is based substantially on two grounds, viz:
1st. That the executors have no appealable interest.
The petition of the alleged heirs is based on, and framed in accordance with, the Articles 1000, et set/., of the Code of Practice, which expressly require citation of flic executors and permits the latter to answer and contest the application of the heirs. Aside from their special defenses, the general denial, contained in the answer of the executors, puts at issue all the facts set up in the petition, including the actual heirship of the petitioners. The Code of Practice contemplates a eontestatio litis, in which the petitioners were hound to prove, and the executors had the right to contest, the claim set up. From this fact alone, it results that, the case being appealable in amount, both parties *25 have an interest in the correctness of the judgment and have the right to test the same by appeal. The argument of the counsel for the heirs is based entirely on the merits of the case. These we have no right to inquire into. Hon constat that it may not appear from the evidence in the case that the petitioners are not heirs, that the legatees have not consented, that the residuary legatees have not renounced, or that the renunciation is incomplete and invalid. These questions can only arise on the trial of the merits. The executors’ right and duty to execute the will and to prevent the property from being diverted in any way which may prevent or jeopardize its execution, give them an appealable interest, whether the parties interested complain or not, because the executors represent the deceased and are bound to see that his wishes are carried out. Rev. C. C. 1672; Succession of McKenna, 23 A. 369.
2d. The other ground of the motion is that the bond of appeal, filed by appellants, is not such as is required by law.
There are two fatal objections to this ground of the motion :
1. The motion was not filed within three days, after which such an objection cannot be considered. 2 A. 138 ; 3 A. 326 ; 11 A. 613 ; 21 A. 329; 26 A. 311.
2. The objection to the bond is, that W. S. Benedict, who signs as surety, was, himself, one of the executors and appellants.
Such objection cannot be considered by this Court, without having-first been raised and passed on by the lower court. 10 A. 318, 485; 14 A. 61; 26 A. 311.
The motion to dismiss is, therefore, overruled.
Rehearing refused.
The Chief Justice recuses himself, having- been of counsel.
On the Merits.
Robert Y. Charmbury died in 1879, leaving a will, by which, after bequeathing sundry particular legacies, he bequeathed the balance of his estate “ to the Mayor and Council of Poole, Dorset, England, together with the Ministers of the Established Church, of both Long-fleet and Poole, forming- a committee to manage this charity in trust, as the monies are realized, to invest the same in British Consols, the interest only to be applied for a suitable building for the aged poor of both sexes, and for their support, and to be known as the Oliarmbury Institute,” etc.
He nominated three executors, who qualified in the proper Court in this city, and entered upon the administration of the estate.
This administration had continued from July,.1879, until November, 1880, without any account haying been filed or distribution made, when *26 tlie three sisters of the deceased, alleging themselves to be Ms sole legal heirs, and announcing their willingness to accept the succession, purely and simply, cited the executors, and prayed to be put in possession, and for an order directing the executors to file their final account and to deliver the succession to them.
Their proceeding is taken in accordance with Articles 1000 to 1007 of the Code of Practice.
They present complete proof of their sole heirship, and file, also, the formal consent of every legatee (except one) named in the will, including the Mayor and Council of Poole, and the Ministers of the Established Church of Long-fleet and Poole, named as the residuary legatees for the charitable trusts recited. The excepted legatee-is one of the executors, who is a particular legatee only. They present, also, the consent of the only important creditors or claimants against the estate; and no other creditor or claimant makes any opposition to their demand.
The executors answered, pleading the general denial, and setting up' the following special objections to the demand of the heirs, viz:
1. That no tender has been made by petitioners of the debts, fees, charges and expenses of the succession. This objection is frivolous. As to fees, charges and expenses, the executors may provide for them in their account. As to debts, creditors may require the heirs to give security, under Article 1012 of the Civil Code. If they do not ask it, the executors have no right to require it. The remedy of the creditors is perfect agaiust the heirs. C. C. 1013,1423, ct seq., 1444, etseq. See 30 A. 128; 13 La. 3; 7 La. 389.
2. That no tender of the legacies under the will has been made. The necessity of such tender is, of course, waived by the consent of the legatees. As to the legacy to Davis, who has not consented, he being an executor, with seizin, has full authority to retain his legacy out of the funds in Ms hands, which, it is not disputed, are ample to pay:.
3. That the Mayor and Council of Poole and the ministers named as the “committee” in the will, have no right to reject the legacy made to them for charitable purposes. It appears that the said committee, acting Under the advice of Mr. J. P. Benjamin, an eminent Queen’s Counsel, of Great Britain, to the effect that the legacy was void, and could not be executed, under the Mortmain Act of that country-, determined to refuse and reject it.
We are presented with a most learned argument to show that the opinion of Mr. Benjamin, given to the committee, was unsound and not sustained by- the law of either Great Britain, or of Louisiana, that the legacy- is valid under the law of both countries ; that the trustees have no right to renounce the legacy; and that, notwithstanding their renun *27 ciation, tlie Court may enforce the execution of the trust through other appointments for the purpose.
With all these questions, we have, as we conceive, no concern in the present case. It is sufficient for us that the legatees constituted under the will have, through an agent vested with the fullest power to represent them, filed a written consent that the seizin of the succession should be delivered to the heirs, accepting purely and simply. Such delivery concludes no rights whatever of the residuary legatees. It involves no adjudication whatever upon the validity of the bequests. It simply transfers the seizin from the executors to the heirs, and against the latter, all parties interested may urge every claim which they could urge against the executors.
We have certainly no jurisdiction over either the Mayor and Council, and Ministers, nor over the “ aged poor of both sexes,” of Long-fleet and Poole, England. We can neither compel them to accept this legacy or to execute this trust, nor have we power to appoint others to execute it in their stead, the place in which alone it can be executed lying out of our jurisdiction.
If they will not accept it, it does not follow that this estate must remain forever in the hands of executors without bond, and -who have no title whatever to it.
It is the duty of executors to execute the provisions of the will, but that duty does not extend to the point of compelling legatees to accept, or of controlling them in their conduct, with reference to property bequeathed to them. The consent of the residuary legatees to transfer the seizin of this estate from the executors to the heirs, is conclusive upon the executors, who have no right to oppose it.
The appellees have prayed for amendment of the judgment in two respects:
1. By casting the costs upon the executors, individually, instead of on the succession. We have no reason to doubt that the executors, in resisting this demand, have acted in the discharge of what they believed to be their duty, and they should not be mulcted in costs.
2. In the judgment appealed from, the heirs were required, before receiving- possession, to give security for the payment of the legacy to Davis, or, if required by the executors, to advance a sum sufficient to pay said legacy.
These conditions would be unreasonable if Davis, being- liimself an executor, had in his hands sufficient ready money of the estate to discharge his legacy. We are asked to amend by authorizing him to retain the amount of his legacy out of the funds of the estate on making-delivery — and we consider such amendment proper.
It is, therefore, ordered, adjudged and decreed, that the judgment *28 appealed from bo amended, so as to authorize Wm. T. Davis, one of the executors, to retain the amount of the legacy to himself, under the will, out of any ready money which may rest in the hands of the executors after accounting ■, and by providing that the heirs shall only be required to give security for, or advance the amount of, his said legacy, in case of deficiency of ready money in the executors’ hands to pay the same; and that, in all other respects, the judgment be affirmed — costs of this appeal to be paid by the executors.
Rehearing refused.
Chief Justice recuses himself,, having been of counsel.